IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CRISTOFER RAUL LOPEZ LOZANO<br>11518 Idelwood Road<br>Silver Spring, Maryland 20906<br><br>　　　　Plaintiff,<br><br>v.<br><br>ABIKAT CONSTRUCTION, LLC<br>2376 Daniels Road<br>Ellicott City, Maryland 21043<br><br>　　Serve: Owner<br>　　　　　William Yi<br>　　　　　2376 Daniels Road<br>　　　　　Ellicott City, Maryland 21043<br><br>WILLIAM YI<br>2376 Daniels Road<br>Ellicott City, Maryland 21043<br><br>　　　　Defendants. | :<br>:<br>: Civil Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Cristofer Raul Lopez Lozano ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Abikat Construction, LLC and William Yi (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.* stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5165836_1

## INTRODUCTION

Plaintiff worked for Defendants as a laborer. Plaintiff was paid at the same regular hourly rate for all hours worked. He worked hours in excess of forty hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty as required by Maryland and federal law. Straight time wages are also due to Plaintiff since Defendants made partial payments and issued checks with no funds. Defendants have willfully violated the clear and well-established straight time and overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid straight time and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Abikat Construction, LLC ("Abikat") is a Maryland corporation.

5. Defendant William Yi is the owner of Abikat.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant William Yi controlled the day to day operations of Abikat.

11. Defendant William Yi had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant William Yi supervised Plaintiff directly or indirectly.

13. Defendant William Yi directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant William Yi would be considered an employer for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a laborer from January 18, 2016 through December 4, 2016 (the "Employment Period").

18. Plaintiff was paid at a regular hourly rate of $16.00.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

19. At all times, Plaintiff was a non-exempt employee.

20. Plaintiff worked hours in excess of forty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

21. Plaintiff consistently received partial payments from the Defendants below the amount he was entitled to for the work he performed.

22. Defendants issued three checks in the amounts of $864.00, $898.00 and $1,096.00 that had insufficient funds.

23. Plaintiff is owed $7,645.00 in unpaid straight time wages and $2,348.00 in unpaid overtime wages.

24. Plaintiff is owed straight time and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

25. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

26. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

27. The precise number of hours worked, and wages owed, should be revealed through discovery.

28. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

29. Plaintiff adopts herein by reference paragraphs 1 through 28 above as if fully set forth herein.

30. The amounts owed to Plaintiff by Defendants for unpaid straight time and overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.*, § 3-501(c).

31. Plaintiff consistently received partial payments from the Defendants below the amount he was entitled to for the work he performed.

32. Defendants issued three checks in the amounts of $864.00, $898.00 and $1,096.00 that had insufficient funds.

33. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

34. Throughout the Employment Period, Defendants failed to properly pay Plaintiff's overtime as required by the MWHL.

35. Unpaid straight time and overtime wages are due and owing to Plaintiff by Defendants.

36. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but no less than $29,979.00 which equals three times the unpaid straight time and overtime wages; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT II
## (FLSA)

37. Plaintiff adopts herein by reference paragraphs 1 through 28 above as if fully set forth herein.

38. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

39. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

40. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

41. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $4,696.00 which equals double the unpaid overtime wages, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

42. Plaintiff adopts herein by reference paragraphs 1 through 28 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

43. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

44. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime as required by the MWHL.

45. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

46. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $4,696.00, which equals two times the wages owed, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

By:    /s/ *Mary Craine Lombardo*
        Mary Craine Lombaro (17140)
        mlombardo@steinsperling.com

        /s/ *Eduardo S. Garcia*
        Eduardo S. Garcia (07200)
        egarcia@steinsperling.com

        25 West Middle Lane
        Rockville, Maryland 20850
        301-340-2020
        301-354-8126 (facsimile)

        *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

5165836_1